UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAMUEL ALBERTO CASTRO SOSA (A# 244-018-775),

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX DETENTION FACILITY,

Respondent.

No. 1:26-cv-06422 DC SCR

ORDER AND

FINDINGS AND RECOMMENDATIONS

Petitioner, an immigration detainee who is proceeding through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. By this order, the undersigned will set a schedule for the briefing of the petition.

Petitioner has also filed a “motion for expedited consideration and to preserve habeas jurisdiction by preventing transfer.” ECF No. 2. The undersigned is setting expedited briefing schedules in all immigration habeas cases, but recommends the motion be denied as to its request for a “no-transfer” order. See ECF No. 2 at 2-3. Petitioner was detained at the Central Valley Annex, within this judicial district, at the time he filed this petition. ECF No. 2 at 1, ¶ 1. “[B]ecause neither party disputes that Petitioner properly filed his habeas petition in the Eastern District, the Court does not lose jurisdiction over his pending habeas petition if Petitioner is transferred to another jurisdiction.” Garcia-Ayala v. Andrews, No. 2:25-CV-02070-DJC-JDP, 2025 WL 2578167, at *3 (E.D. Cal. Sept. 5, 2025); see also Palmer-Sardinas v. Chestnut, No.

1:26-cv-03520 DC SCR, ECF No. 12 (E.D. Cal. Jun. 22, 2026) (same); Vaskanyan v. Janecka, No. 5:25-CV-01475-MRA-AS, 2025 WL 2014208, at *6 (C.D. Cal. June 25, 2025) (citing Ex parte Endo, 323 U.S. 283 (1944), and agreeing with numerous district courts that have interpreted Endo to find "a district court retains jurisdiction over a habeas petition notwithstanding a petitioner's transfer out of the district.").

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent is directed to show cause why the writ should not be granted by filing an answer/return within seven (7) days from the date of this order. See 28 U.S.C. § 2243. Respondent shall include with the answer/return any and all transcripts or other documents relevant to the determination of the issues presented in the application. Petitioner shall have three (3) days from the date of Respondents' answer/return to file a reply/traverse. Absent a further order of the court, the petition will be taken under submission after the filing of the answer/return.

2. In the event Petitioner obtains an immigration bond and it is paid resulting in release, Petitioner shall inform the court as expeditiously as possible in order to conserve its limited judicial resources. For the same reason, Respondent shall inform the court as expeditiously as possible in the event a travel document is obtained for Petitioner that will result in Petitioner's imminent removal from this country. Either party shall update the court by filing a Notice of Changed Circumstances that informs the court of the particular circumstances that have changed.

Additionally, IT IS HEREBY RECOMMENDED that Petitioner's motion for expedited consideration and to preserve habeas jurisdiction (ECF No. 2) be DENIED as unnecessary.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to

////

////

file objections within the specified time may waive the right to appeal the District Court's order. , 951 F.2d 1153 (9th Cir. 1991).

DATED: August 17, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE