UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL ALBERTO CASTRO SOSA (A# 244-018-775),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CENTRAL VALLEY ANNEX DETENTION FACILITY,<br><br>Respondent. | No. 1:26-cv-06422 DC SCR<br><br><u>FINDINGS & RECOMMENDATIONS</u> |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I. Factual and Procedural History**

Petitioner is a citizen and national of Venezuela who applied for admission into the United States on February 21, 2023, at the Paso Del Norte Port of Entry in El Paso, Texas. ECF No. 1 at 15. On the same day, immigration officials issued him a Notice to Appear administratively charging him as inadmissible under 8 U.S.C. § 1182(a)(7)(i)(I) (noncitizen present without valid entry document) and granted him humanitarian parole pursuant to § 1182(d)(5). <u>Id.</u> at 14-18.

On November 1, 2025, local law enforcement arrested Petitioner for forgery under Texas Penal Code § 32.21(e-2). ECF No. 6-1 at 2 (Form I-213). On January 30, 2026, local prosecutors

rejected the charges. ECF No. 6-3 at 5 (FBI "rap sheet"). Immigrations and Customs Enforcement ("ICE") took Petitioner into custody on January 31, 2026, upon his release from county jail. ECF No. 6-1 at 2. On May 5, 2026, an immigration judge ("IJ") ordered Petitioner removed to Venezuela and denied his applications for asylum and withholding of removal under 8 U.S.C. § 1231(b)(3) and the Convention Against Torture ("CAT"). ECF No. 6-4. Petitioner timely appealed the IJ's ruling to the Board of Immigration Appeals. ECF No. 6-5. The appeal remains pending, with simultaneous briefing due September 1, 2026. Id.

Petitioner filed the § 2241 petition on August 12, 2026, challenging his continued detention without bond under 8 U.S.C. § 1226(a) and the Due Process Clause of the Fifth Amendment. ECF No. 1 at 4-7. By way of relief, he seeks a declaratory judgment that he is detained pursuant to 8 U.S.C. § 1226(a) in accordance with Rodriguez Vazquez v. Bostock, No. 25-6842, --- F.4th ----, 2026 WL 2196424 (9th Cir. July 30, 2026), and a bond hearing before an IJ in which the government must establish by clear and convincing evidence that he presents a risk of flight or danger. Id. at 7-8. Respondent opposes the petition on grounds that Petitioenr's initial apprehension near the border renders him an applicant for admission under 8 U.S.C. § 1225(b). Respondent contends he therefore lacks a right to freedom from immigration detention in any form except as provided by statute. ECF No. 6.

## II. Legal Standards

### A. Constitutional Standards

The Supreme Court has held that "the Due Process Clause applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). Similarly, Ninth Circuit precedent holds that the Due Process Clause applies to noncitizens regardless of whether they are "seeking admission" or are "admitted" under immigration law. Wong v. United States, 373 F.3d 952, 973 (9th Cir. 2004), abrogated on other grounds by Wilkie v. Robbins, 551 U.S. 537 (2007); see also Padilla v. U.S. Immigr. & Customs Enf't, 704 F. Supp. 3d 1163, 1171-72 (W.D. Wash. 2023) (finding that the plaintiffs who were detained under § 1225(b)(1) adequately alleged a right under "substantive due process to bond hearings" because "the Supreme Court has

consistently held that non-punitive detention violates the Constitution unless it is strictly limited, and, typically, accompanied by a prompt individualized hearing before a neutral decisionmaker to ensure that the imprisonment serves the government's legitimate goals"); Rosales-Garcia v. Holland, 322 F.3d 386, 412 (6th Cir. 2003) (en banc) ("If excludable [non-citizens] were not protected by even the substantive component of constitutional due process, ... we do not see why the United States government could not torture or summarily execute them. ... [W]e conclude that government treatment of excludable [noncitizens] must implicate the Due Process Clause of the Fifth Amendment.").

Courts examine procedural due process claims in two steps: the first step is determining whether there exists a protected liberty interest under the Due Process Clause. The second step examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Morrissey v. Brewer, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due."). In deciding what process is due to immigration detainees, the Ninth Circuit has assumed, without deciding, that the three-part test articulated in Mathews, 424 U.S. 319, applies. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206-07 (9th Cir. 2022). Under Mathews, the court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation of that interest; and (3) the government's interest involved including any fiscal or administrative burden that additional procedures would include. Mathews, 424 U.S. at 335.

An as-applied challenge "contends that the law is unconstitutional as applied to the litigant's particular [circumstances], even though the law may be capable of valid application to others." Foti v. City of Menlo Park, 146 F.3d 629, 635 (9th Cir. 1998) (citation omitted).

**B. Statutory Immigration Framework**

A non-citizen arrested at or near the border without valid entry documents is normally ordered removed "without further hearing or review" pursuant to an expedited removal process. See 8 U.S.C. § 1225(b)(1)(A)(i). But if such non-citizen "indicates either an intention to apply for asylum . . . or a fear of persecution," then that non-citizen is referred for an asylum interview.

See 8 U.S.C. § 1225(b)(1)(A)(ii). While awaiting this credible fear interview, the non-citizen is to remain detained. See 8 U.S.C. § 1225(b)(1)(B)(iii)(IV). If an immigration officer determines after that interview that the non-citizen has a credible fear of persecution, "the [non-citizen] shall be detained for further consideration of the application for asylum." 8 U.S.C. § 1225(b)(1)(B)(ii). At that point, the asylum applicant will receive full consideration of the asylum claim in a standard removal hearing.

The statutory mechanism for release from detention for an asylum applicant apprehended at the border is temporary release on parole "for urgent humanitarian reasons or significant public benefit." 8 U.S.C. § 1182(d)(5)(A); see also 8 C.F.R §§ 212.5(b), 235.3. A grant of humanitarian parole is premised on a finding that the noncitizen "present[s] neither a security risk nor a risk of absconding." 8 C.F.R. § 212.5(b). Such parole, however, "shall not be regarded as an admission of the [non-citizen]." 8 U.S.C. § 1182(d)(5)(A). Instead, when the purpose of the parole has been served, "the [non-citizen] shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." Id.

## III. Analysis

### A. Applicable Detention Statute

"Where a [noncitizen] falls within [the] statutory [detention] scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). It is evident from Petitioner's application for admission at the border and subsequent release on humanitarian parole that immigration officials processed him pursuant to 8 U.S.C. § 1225(b). See Jennings v. Rodriguez, 583 U.S. 281, 288 (2018) ("Regardless of which of [§ 1225(b)(1) or (b)(2)] authorizes their detention, applicants for admission may be temporarily released on parole "for urgent humanitarian reasons or significant public benefit.") (quoting 8 U.S.C. § 1182(d)(5)(A)). His detention has not yet shifted from § 1225(b) to 8 U.S.C. § 1231(a) because his BIA appeal of the IJ's removal order remains pending. See 8 U.S.C. § 1231(a)(1)(B).

For these reasons, the Ninth Circuit's Rodriguez Vazquez decision is inapplicable to this

matter and Petitioner is not entitled to relief on his statutory claim for relief under 8 U.S.C. § 1226(a). The undersigned will next consider Petitioner's due process claim.

**B. Due Process Analysis**

The Court turns first to the question of whether Petitioner has a protected liberty interest. The undersigned agrees with the vast majority of judges in this Circuit, including the assigned District Judge, who have concluded that "noncitizens paroled into the United States under § 1182(d)(5) have a liberty interest in their continued release and are entitled to certain due process protections." D. L.C. v. Wofford, No. 1:25-cv-01996-DC-JDP (HC), 2026 WL 25511, at *4 (E.D. Cal. Jan. 5, 2026) (collecting cases).

Respondent's arguments against a protected liberty interest are unavailing. They cite to Department of Homeland Security v. Thuraissigiam, 591 U.S. 103 (2020), which is materially distinguishable. It concerned an individual arrested mere yards from the border a short time after entering the United States without inspection, and who DHS had never released into the United States, not an individual like Petitioner who has established meaningful ties to the United States. See Padilla, 704 F. Supp. 3d at 1171-72 ("[Thuraissigiam's] discussion of due process is necessarily constrained to challenges to admissibility to the United States" and "[t]he Court answered no broader question."); Sadeqi v. LaRose, 809 F. Supp. 3d 1090, 1093 (S.D. Cal. 2025) (interpreting Thuraissigiam as "circumscribing an arriving alien's due process rights to *admission*, rather than limiting that person's ability to challenge *detention*.") (emphasis in original). Their reliance on Jennings to foreclose a due process is also misplaced. There, the Supreme Court addressed only whether periodic bond hearings are required under immigration statutes and remanded "to consider respondents' constitutional arguments on their merits . . . . in the first instance." 538 U.S. at 312.

As for the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution, Judge Coggins has found that in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's

eligibility for bond must be considered. See Selis Tinoco v. Noem, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); Labrador-Prato v. Noem, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025) (same); D.L.C., 2026 WL 25511 (same); Altin v. Chestnut, No. 1:26-cv-00792-DC-CSK, Doc. No. 8 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim). As it is undisputed that Respondent re-arrested Petitioner absent pre-deprivation notice and hearing, the undersigned finds that Petitioner is entitled to relief on his Fifth Amendment procedural due process claim.

The appropriate habeas remedy for this violation is immediate release. Respondent has not made any argument that Petitioner poses a risk of flight, and the uncontested record shows that local prosecutors declined to charge Petitioner following his November 2025 arrest for forgery. In sum, "there is no evidence, nor has respondent presented any argument, suggesting that there was 'the necessity of quick action' by ICE such that petitioner could not have been provided a pre-deprivation hearing after being released from local custody." Hidalgo v. Warden, No. 1:26-cv-3511-DC-JDP, 2026 WL 1707795, *1 (E.D. Cal. June 12, 2026) (citations omitted). Accordingly, the undersigned recommends that the petition be granted and Respondent be ordered to immediately release Petitioner.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be GRANTED on Count Two (Procedural Due Process).

2. Respondent be ordered to immediately release Petitioner SAMUEL ALBERTO CASTRO SOSA (A# 244-018-775) from their custody.

3. At the time of release, Respondent be required to return all of Petitioner's documents and possessions.

4. The Clerk be directed to serve the Central Valley Annex with a copy of any release order.

5. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days of notice to Petitioner and provide Petitioner with a bond hearing before an immigration judge at which the government must prove by clear and convincing evidence that Petitioner is a flight risk or danger to the community such that his re-detention is warranted.

6. Any final order entered in this case not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

7. The Clerk of Court be directed to enter judgment for Petitioner and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 27, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE